UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TIMOTHY M. GEMELLI | CIVIL ACTION |
| VERSUS | NO. 19-13424 |
| STATE OF LOUISIANA ET AL. | SECTION "H"(2) |

## REPORT AND RECOMMENDATION

Plaintiff, Timothy M. Gemelli, is a prisoner currently incarcerated in the Boulder County Jail in Boulder, Colorado. He filed this complaint pro se and in forma pauperis pursuant to 42 U.S.C. § 1983 ("Section 1983") against defendants State of Louisiana Office of Attorney General Jeff Landry, St. Bernard Parish, Judge Jeanne Juneau, District Attorney Perry Nicosia, Assistant District Attorneys Mikey Morales and Charles Ward, St. Bernard Parish Sheriff's Office, Sheriff James Pohlmann, Officer Michelle Canepa, Clerk of Court Randy Nunez, Melissa M. Evans and Brook Kerrigan.

Plaintiff's complaint, as amended, alleges generally that defendants wrongfully arrested and incarcerated him, and violated his federal and state constitutional rights during his St. Bernard Parish criminal proceedings and his incarceration in the St. Bernard Parish Jail. Record Doc. No. 6 at pp. 8–12. In addition, plaintiff alleges that defendants slandered and made false accusations against him, resulting in loss of his businesses, property and reputation. Id. at p. 9. Gemelli seeks monetary relief. Id. at p. 14.

Defendant State of Louisiana Office of Attorney General Jeff Landry filed a Motion to Dismiss for Lack of Jurisdiction, Record Doc. No. 21, noticed for submission on January 22, 2020, which was automatically referred to me for a report and recommendation. Local Rule 73.2(A).

Local Rule 7.5 requires that a memorandum in opposition to a motion must be filed no later than eight days before the noticed submission date. No memorandum in opposition to the motion has been received. Accordingly, this motion is deemed to be unopposed.

I.   STANDARDS OF REVIEW

Rule 12(b)(1) requires dismissal of an action if the court lacks jurisdiction over the subject matter of the plaintiff's claim. Motions brought under Rule 12(b)(1)

> allow a party to challenge the subject matter jurisdiction of the district court to hear a case. Lack of subject matter jurisdiction may be found in any one of three instances: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction. Accordingly, the plaintiff constantly bears the burden of proof that jurisdiction does in fact exist.

Ramming v. United States, 281 F.3d 158, 161 (5th Cir. 2001) (citations omitted); accord Randall D. Wolcott, M.D., P.A. v. Sebelius, 635 F.3d 757, 762–63 (5th Cir. 2011); Johnson v. Aramco Servs. Co., 164 F. App'x 469, 470 (5th Cir. 2006).

A Rule 12(b)(1) motion should be granted only if it appears certain that the plaintiff cannot prove a plausible set of facts that establish subject matter jurisdiction. Venable v. La. Workers' Comp. Corp., 740 F.3d 937, 941 (5th Cir. 2013); Davis v. United States, 597 F.3d 646, 649 (5th Cir. 2009). A motion to dismiss under Rule 12(b)(1) is analyzed under the same standard as a motion to dismiss under Rule 12(b)(6). In re Mirant Corp., 675 F.3d 530, 533 (5th Cir. 2012); Lane v. Halliburton, 529 F.3d 548, 557 (5th Cir. 2008).

> Under Rule 12(b)(6), as clarified by the Supreme Court,
>
> "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" A claim for relief is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." A claim for relief is implausible on its face when "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct."

Harold H. Huggins Realty, Inc. v. FNC, Inc., 634 F.3d 787, 796 (5th Cir. 2011) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007))).

"The Supreme Court's decisions in Iqbal and Twombly . . . did not alter the long-standing requirement that when evaluating a motion to dismiss under Rule 12(b)(6), a court must accept[ ] all well-pleaded facts as true and view[ ] those facts in the light most favorable to the plaintiff." Id. at 803 n.44 (quotation omitted); accord Murchison

3

Capital Partners, L.P. v. Nuance Commc'ns, Inc., 625 F. App'x 617, 618 n.1 (5th Cir. 2015) (citing Wood v. Moss, 134 S. Ct. 2056, 2065 n.5 (2014)).

"With respect to any well-pleaded allegations 'a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.'" Jabary v. City of Allen, 547 F. App'x 600, 604 (5th Cir. 2013) (quoting Iqbal, 556 U.S. at 664). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Maloney Gaming Mgmt., L.L.C. v. St. Tammany Parish, 456 F. App'x 336, 340 (5th Cir. 2011) (quotations omitted) (citing Iqbal, 556 U.S. at 696; Elsensohn v. St. Tammany Parish Sheriff's Ofc., 530 F.3d 368, 371 (5th Cir. 2008); In re Katrina Canal Breaches Litigation, 495 F.3d 191, 205 n.10 (5th Cir. 2007)).

In this case, **IT IS RECOMMENDED** that defendant's motion to dismiss be **GRANTED** and that plaintiff's Section 1983 claims against State of Louisiana Office of Attorney General Jeff Landry be dismissed.

II.     ANALYSIS

Plaintiff has named the Office of Attorney General as a defendant, asserting claims against the office only for federal and state constitutional violations, slander, false accusations, wrongful incarceration and loss of his businesses, property and reputation.

To the extent plaintiff seeks to sue the Attorney General in his official capacity, state officials in their official capacities are not "persons" subject to suit under Section

4

1983 with respect to claims for monetary compensation like that sought by plaintiff. Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989); Stotter v. Univ. of Tex., 508 F.3d 812, 821 (5th Cir. 2007). Moreover, because a Section 1983 claim against a state official in his official capacity for monetary damages is actually a claim against the State itself, such a claim is barred by the Eleventh Amendment, as explained below. Williams v. Thomas, 169 F. App'x 285, 286 (5th Cir. 2006).

The State of Louisiana is immune from suit in federal court under the Eleventh Amendment. Sovereign immunity under the Eleventh Amendment bars actions for monetary relief in federal court against a State or state agency unless the State has consented to be sued. U.S. Const. amend. XI; Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100 (1984); Alabama v. Pugh, 438 U.S. 781, 782 (1978); Williams v. Dallas Area Rapid Transit, 242 F.3d 315, 318 (5th Cir. 2001).

Generally, the State of Louisiana has not waived its sovereign immunity or consented to the exercise of federal judicial power in civil actions against it. La. Rev. Stat. § 13:5106(A); La. Const. art. I, § 26; Harris v. Louisiana Office of Juvenile Justice, 2019 WL 2617175, at *4 (E.D. La. June 26, 2019) (citing Holliday v. Bd. of Sup'rs of LSU Agr. & Mech. Coll., 149 So. 3d 227, 229 (La. 10/15/14). Thus, in each unsanctioned instance of federal suit, the State or its agency must affirmatively waive its Eleventh Amendment immunity. Sullivan v. Univ. of Texas Health Sci. Ctr. at Houston Dental

Branch, 217 F. App'x 391, 394 (5th Cir. 2007) (citing Port Auth. Trans-Hudson Corp. v. Feeney, 495 U.S. 299, 305 (1990)).

Because the State of Louisiana is immune from suit and has not waived its immunity, it is recommended that the motion be granted, and all claims against the State through its Office of Attorney General be dismissed with prejudice.

## RECOMMENDATION

For all of the foregoing reasons, **IT IS RECOMMENDED** that defendant State of Louisiana Office of Attorney General Jeff Landry's Motion to Dismiss for Lack of Jurisdiction be **GRANTED** and that plaintiff's claims against this defendant pursuant to 42 U.S.C. § 1983 be **DISMISSED.**

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc) (citing 28 U.S.C. § 636(b)(1)).[1]

---

[1] Douglass referred to the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.

New Orleans, Louisiana, this \_\_\_27th\_\_\_ day of January, 2020.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE