## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **TIMOTHY GEMELLI** | **CIVIL ACTION** |
| **VERSUS** | **NO. 19-13424** |
| **STATE OF LOUISIANA, ET AL.** | **SECTION: H(2)** |

### ORDER AND REASONS

Before the Court is pro se Plaintiff Timothy Gemelli's Motion to Certify for Appeal the Court's Partial Dismissal Order (Doc. 116).[1] For the following reasons, this Motion is **DENIED**.

### BACKGROUND

Plaintiff Timothy Gemelli initiated this suit pro se and in forma pauperis, asserting claims under § 1983 against a number of Louisiana state officials, all of which have since been dismissed with prejudice except one claim

---

[1] This title is an interpretation of Plaintiff's requested relief. Plaintiff's Motion is actually titled "Motion for Extension of Time to Respond and File the Proper Motion in Response to the 5th Circuit C.O.A. Cause No. 20-30426, Notice of Dismissal." Doc. 116 at 1.

against St. Bernard Parish Deputy Michelle Canepa.[2] Against Ms. Canepa, Plaintiff brings a Fourth Amendment claim for unconstitutional seizure and incarceration based on alleged false statements and omissions in the affidavit in support of probable cause for Plaintiff's arrest.[3]

Plaintiff appealed this Court's Order dismissing all defendants besides Ms. Canepa ("the Partial Dismissal Order").[4] The Fifth Circuit dismissed this appeal for want of jurisdiction.[5] The Fifth Circuit has jurisdiction over appeals from final decisions of district courts, and the Partial Dismissal Order was not a final decision because it only dismissed some of the defendants, not all of them.[6] Further, the Partial Dismissal Order could have become final for appellate purposes if the Court had certified as much under either Federal Rule of Civil Procedure 54(b) or 28 U.S.C. § 1292(b). The Court did not do so.

Now before the Court is Plaintiff's request for this Court to make such a certification. Plaintiff continues to object to the Partial Dismissal Order and asks the Court to "file the proper and required documents with the appeals court."[7] Plaintiff makes no specific arguments in favor of this certification other than generally asserting the merits of his case.

---

[2] *See* Docs. 1, 43, and 57.
[3] *See* Doc. 43.
[4] Doc. 61.
[5] Doc. 115.
[6] *Id.*
[7] Doc. 116 at 4.

## LAW AND ANALYSIS

Plaintiff seeks for this Court to certify for appeal its Partial Dismissal Order under either Federal Rule of Civil Procedure 54(b) or 28 U.S.C. § 1292(b). The Court will consider each law in turn.

### A. Federal Rule of Civil Procedure 54(b)

Federal Rule of Civil Procedure 54(b) states:

> When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.

According to the Fifth Circuit, "[o]ne of the primary policies behind requiring a justification for Rule 54(b) certification is to avoid piecemeal appeals."[8] "A district court should grant certification [in a Rule 54(b) case] only when there exists some danger of hardship or injustice through delay which would be alleviated by immediate appeal; it should not be entered routinely as a courtesy to counsel."[9]

Here, the Court does not find that there is no just reason for delay. Plaintiff has not identified any hardship or injustice associated with delay. Plaintiff's desire to see the Partial Dismissal Order overturned sooner rather than later and his belief in the merits of his case do not justify a Rule 54(b) certification.

_____

[8] PYCA Indus., Inc. v. Harrison Cnty. Waste Mgmt., 81 F.3d 1412, 1421 (5th Cir. 1996).
[9] *Id.* (citing Ansam Assocs., Inc. v. Cola Petroleum, Ltd., 760 F.2d 442, 445 (2d Cir. 1985)).

**B. 28 U.S.C. § 1292**

Pursuant to 28 U.S.C. § 1292, a court can allow for interlocutory appeal of orders without directing entry of a final judgment on the order. For an interlocutory order to be appealable pursuant § 1292(b), three conditions must be satisfied. The trial judge must certify in writing that: (1) the order involves a controlling question of law, (2) there exists a substantial ground for difference of opinion on that question of law, and (3) an immediate appeal from the order may "materially advance the ultimate termination of [the] litigation."[10] The moving party carries the burden of showing the necessity of interlocutory appeal.[11] Interlocutory appeals are "exceptional" and should not be granted "simply to determine the correctness of a judgment."[12]

Plaintiff fails to show how the Partial Dismissal Order satisfies the above conditions. There is no identification of a controlling question of law, a ground for difference of opinion, or a material advancement in the termination of this litigation. Plaintiff appears to simply disagree with the Partial Dismissal Order. This is not sufficient under 28 U.S.C. § 1292.

## <u>CONCLUSION</u>

For the foregoing reasons, Plaintiff's Motion to Certify for Appeal the Court's Partial Dismissal Order (Doc. 116) is **DENIED**.

---

[10] 28 U.S.C. § 1292.

[11] Chauvin v. State Farm Mut. Auto. Ins. Co., Nos. 06-7145, 06-8769, 2007 WL 4365387, at *2 (E.D. La. Dec. 11, 2007).

[12] *Id.* (quoting Clark-Dietz & Assocs.-Eng'rs, Inc. v. Basic Constr. Co., 702 F.2d 67, 68–69 (5th Cir. 1983)).

New Orleans, Louisiana this 2nd day of December, 2021

**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**