UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**TIMOTHY GEMELLI**                              **CIVIL ACTION**

**VERSUS**                                                    **NO. 19-13424**

**STATE OF LOUISIANA, ET AL.**                  **SECTION: H(2)**

## ORDER AND REASONS

Before the Court is pro se Plaintiff Timothy Gemelli's Motion captioned "Request for Ruling on Document 116 Filed 11-8-21 in Reference to the Dismissal of the 5th Cir. C.O.A. Cause No. 20-30426" (Doc. 120). For the following reasons, this Motion is **DENIED**.

## BACKGROUND

Plaintiff Timothy Gemelli initiated this suit pro se and in forma pauperis, asserting claims under § 1983 against a number of Louisiana state officials, all of which have since been dismissed with prejudice except one claim

1

against St. Bernard Parish Deputy Michelle Canepa.[1] Against Ms. Canepa, Plaintiff brings a Fourth Amendment claim for unconstitutional seizure and incarceration based on alleged false statements and omissions in the affidavit in support of probable cause for Plaintiff's arrest.[2]

Now before the Court is Plaintiff's Motion captioned "Request for Ruling on Document 116 Filed 11-8-21 in Reference to the Dismissal of the 5th Cir. C.O.A. Cause No. 20-30426" ("the Motion").[3] The Motion requests a number of actions from this Court. First, the Motion seeks a ruling on the appealability of the Order dismissing every Defendant besides Ms. Canepa ("the Partial Dismissal Order") under either Federal Rule of Civil Procedure 54(b) or 28 U.S.C. § 1292. Second, the Motion requests relief as to a filing fee charged to Plaintiff for one of his appeals to the Fifth Circuit. Third and lastly, the Motion asks the Court to reconsider the Partial Dismissal Order.

## **LEGAL STANDARDS**

### I. Federal Rule of Civil Procedure 54(b)

Federal Rule of Civil Procedure 54(b) states:

> When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.

---

[1] *See* Docs. 1, 43, and 57.
[2] *See* Doc. 43.
[3] *See* Doc. 120.

According to the Fifth Circuit, "[o]ne of the primary policies behind requiring a justification for Rule 54(b) certification is to avoid piecemeal appeals."[4] "A district court should grant certification [in a Rule 54(b) case] only when there exists some danger of hardship or injustice through delay which would be alleviated by immediate appeal; it should not be entered routinely as a courtesy to counsel."[5]

## II.    28 U.S.C. § 1292

Pursuant to 28 U.S.C. § 1292, a court can allow for interlocutory appeal of orders without directing entry of a final judgment on the order. For an interlocutory order to be appealable pursuant to § 1292(b), three conditions must be satisfied. The trial judge must certify in writing that: (1) the order involves a controlling question of law, (2) there exists a substantial ground for difference of opinion on that question of law, and (3) an immediate appeal from the order may "materially advance the ultimate termination of [the] litigation."[6] The moving party carries the burden of showing the necessity of interlocutory appeal.[7] Interlocutory appeals are "exceptional" and should not be granted "simply to determine the correctness of a judgment."[8]

---

[4] PYCA Indus., Inc. v. Harrison Cnty. Waste Mgmt., 81 F.3d 1412, 1421 (5th Cir. 1996).
[5] *Id.* (citing Ansam Assocs., Inc. v. Cola Petroleum, Ltd., 760 F.2d 442, 445 (2d Cir. 1985)).
[6] 28 U.S.C. § 1292.
[7] Chauvin v. State Farm Mut. Auto. Ins. Co., Nos. 06-7145, 06-8769, 2007 WL 4365387, at *2 (E.D. La. Dec. 11, 2007).
[8] *Id.* (quoting Clark-Dietz & Assocs.-Eng'rs, Inc. v. Basic Constr. Co., 702 F.2d 67, 68–69 (5th Cir. 1983)).

## III. Motion to Reconsider

Motions to reconsider interlocutory orders are governed by Federal Rule of Civil Procedure 54(b).[9] "Under Rule 54(b), 'the trial court is free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law.'"[10] "'[T]he power to reconsider or modify interlocutory rulings is committed to the discretion of the district court, and that discretion is not cabined by the heightened standards for reconsideration governing final orders.'"[11]

## LAW AND ANALYSIS

As mentioned above, the Motion raises three separate issues: (1) the appealability of the Partial Dismissal Order, (2) the filing fee, and (3) the reconsideration of the Partial Dismissal Order. The Court addresses each issue in turn.

## I. Appealability of the Partial Dismissal Order

The Court resolved this issue in its Order and Reasons dated December 2, 2021.[12] Plaintiff provides no new reasons to certify the Partial Dismissal

---

[9] *See* FED. R. CIV. P. 54(b) (noting that a district court may revise at any time prior to final judgment "any order . . . that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties"); *see also* McClendon v. United States, 892 F.3d 775, 781 (5th Cir. 2018).

[10] Austin v. Kroger Tex., L.P., 864 F.3d 326, 336 (5th Cir. 2017) (quoting Lavespere v. Niagara Mach. & Tool Works, Inc., 910 F.2d 167, 185 (5th Cir. 1990)).

[11] *Id.* at 337 (quoting Saint Annes Dev. Co. v. Trabich, 443 Fed. Appx. 829, 831–32 (4th Cir. 2011) (internal quotations omitted)).

[12] *See* Doc. 118. Although there the Court inadvertently cited to a judgment from the U.S. Fifth Circuit dismissing Plaintiff's appeal of a different issue, it was clear that the Court was addressing the appeal of the Partial Dismissal Order. *Id.* at 2 n.5 (citing Doc. 115 instead of

Order for interlocutory appeal. He simply asserts, "I should not have to wait on a final disposition on the whole case before I have the chance to add [dismissed Defendants] back in, on appeal."[13] Plaintiff's frustration is not the standard for certifying an order for appeal under either Federal Rule of Civil Procedure 54(b) or 28 U.S.C. § 1292(b). As the Court stated previously, Plaintiff has not met the appropriate standard under either law. More specifically, he has given neither justification for why there is no just reason for delay under 54(b) nor a substantial ground for a difference of opinion as to the questions addressed in the Partial Dismissal Order under 28 U.S.C. § 1292(b).

## II. Filing Fee

Plaintiff also complains of $505 worth of funds taken out of his inmate trust account allegedly for a filing fee for one of his appeals to the Fifth Circuit that was dismissed for lack of jurisdiction. On July 19, 2021, Magistrate Judge Currault granted Plaintiff's application for leave to appeal *in forma pauperis*.[14] The Prison Litigation Reform Act is clear that Plaintiff must pay "the full amount of a filing fee."[15] The law is clear that this fee must be paid in full

---

112). Further, both appeals were dismissed for the same reason—want of jurisdiction over an interlocutory order—and therefore the Court's reasoning was equally applicable anyway.
[13] Doc. 120 at 2.
[14] *See* Doc. 101.
[15] *See* 28 U.S.C. § 1915(b)(1); Gemelli v. State of La., Case No. 20-30426, Doc. 515720671 (5th Cir. Jan. 26, 2021).

regardless of whether the appeal is dismissed.[16] Thus, this Court has no authority to grant Plaintiff relief as to the filing fee.[17]

## III. Reconsideration of the Partial Dismissal Order

Plaintiff had previously moved to reconsider the Partial Dismissal Order, but the Court could not do so at the time because the matter was on appeal to the Fifth Circuit.[18] That is no longer the case. The Motion currently before the Court asks for reconsideration but again provides no argument for why the Court reached the wrong result in the past. Upon reconsidering the Partial Dismissal Order, as well as the Report and Recommendation that it adopted, the Court reaches the same conclusion. The Court properly dismissed with prejudice Plaintiff's § 1983 claims against St. Bernard Parish President Guy S. McInnis, Judge Jeanne Juneau, District Attorney Perry Nicosia, Assistant District Attorneys Mikey Morales and Charles Ward, the St. Bernard Parish Sheriff's Office, Sheriff James Pohlmann and Clerk of Court Randy Nunez. With respect to these Defendants, Plaintiff either failed to state a claim upon which relief could be granted or sued persons immune from monetary relief under 28 U.S.C. § 1915(e)(2), 42 U.S.C. § 1997e(c)(1), and *Heck v. Humphrey*, 512 U.S. 477 (1994).

---

[16] *See* Williams v. Roberts, 116 F.3d 1126, 1128 (5th Cir. 1997) ("A plain reading of the [Prison Litigation Reform Act] suggests that the fee should be assessed at filing, regardless of whether the appeal is later dismissed.").

[17] *See, e.g.*, Box v. Crawford, No. 4:07CV02063, 2009 WL 311166, at *1 (E.D. Miss. Feb. 6, 2009) ("[T]his Court has been ordered by the United States Court of Appeals for the Eighth Circuit to collect the appellate filing fee, and this Court does not have jurisdiction to vacate the appellate court's orders.").

[18] *See* Doc. 105.

## CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Plaintiff's Motion captioned "Request for Ruling on Document 116 Filed 11-8-21 in Reference to the Dismissal of the 5th Cir. C.O.A. Cause No. 20-30426" (Doc. 120) is **DENIED**.

New Orleans, Louisiana this 16th day of February, 2022

_____
**JANE TRICHE MILAZZO
UNITED STATES DISTRICT JUDGE**