UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**TIMOTHY GEMELLI**                                          **CIVIL ACTION**

**VERSUS**                                                                **NO. 19-13424**

**STATE OF LOUISIANA, ET AL.**                          **SECTION: H(2)**

## ORDER AND REASONS

Before the Court is pro se Plaintiff Timothy Gemelli's Motion captioned "Request for Leave to File Amended Motion for Reconsideration to Re-Join the Dismissed Defendants, Named in This Motion" (Doc. 129). For the following reasons, this Motion is **DENIED**.

## BACKGROUND

Plaintiff Timothy Gemelli initiated this suit pro se and in forma pauperis, asserting claims under § 1983 against a number of Louisiana state officials, all of which have since been dismissed with prejudice except one claim against St. Bernard Parish Deputy Michelle Canepa.[1] Against Ms. Canepa, Plaintiff brings a Fourth Amendment claim for unconstitutional seizure and

---

[1] *See* Docs. 1, 43, and 57.

incarceration based on alleged false statements and omissions that she made in the affidavit in support of probable cause for Plaintiff's arrest.[2]

Now before the Court is Plaintiff's filing styled "Request for Leave to File Amended Motion for Reconsideration to Re-Join the Dismissed Defendants, Named in This Motion" ("the Motion").[3] The Motion seeks leave to file a new motion for reconsideration of the Order dismissing all Defendants besides Ms. Canepa ("the Partial Dismissal Order"). Plaintiff previously moved for reconsideration of the Partial Dismissal Order.[4] In response, the Court reaffirmed the Order.[5] Now Plaintiff seeks leave to file an amended motion to reconsider in light of what he characterizes as "new evidence" in the form of his criminal conviction in Colorado.[6]

## LEGAL STANDARD

Motions to reconsider interlocutory orders are governed by Federal Rule of Civil Procedure 54(b).[7] "Under Rule 54(b), 'the trial court is free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive

---

[2] *See* Doc. 43.
[3] *See* Doc. 129.
[4] *See* Doc. 120.
[5] *See* Doc. 127.
[6] *See* Doc. 129 at 1.
[7] *See* FED. R. CIV. P. 54(b) (noting that a district court may revise at any time prior to final judgment "any order . . . that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties"); *see also* McClendon v. United States, 892 F.3d 775, 781 (5th Cir. 2018).

law.'"[8] "'[T]he power to reconsider or modify interlocutory rulings is committed to the discretion of the district court, and that discretion is not cabined by the heightened standards for reconsideration governing final orders.'"[9]

## LAW AND ANALYSIS

Plaintiff challenges the Court's finding that he suffered no prejudice from a failure to disclose exculpatory evidence during his St. Bernard Parish criminal trial because he was acquitted.[10] Plaintiff now argues that the Court failed to consider his subsequent conviction and incarceration in Colorado as the prejudice that he suffered.[11] Plaintiff alleges that this harm resulted from the failure of St. Bernard Parish District Attorney Perry Nacosia and Assistant District Attorneys Charles Ward and Mike Morales to disclose exculpatory evidence during Plaintiff's criminal trial in Colorado.[12] In other words, Plaintiff seeks to hold St. Bernard Parish officials liable for a *Brady* violation that supposedly occurred during a trial in another state conducted by different prosecutors.

The Court sees no reason to grant Plaintiff the leave he seeks. Plaintiff's conviction and imprisonment in Colorado are not new evidence. Both occurred, and the Court was aware of as much, before the Partial Dismissal Order was

---

[8] Austin v. Kroger Tex., L.P., 864 F.3d 326, 336 (5th Cir. 2017) (quoting Lavespere v. Niagara Mach. & Tool Works, Inc., 910 F.2d 167, 185 (5th Cir. 1990)).
[9] *Id.* at 337 (quoting Saint Annes Dev. Co. v. Trabich, 443 Fed. Appx. 829, 831–32 (4th Cir. 2011) (internal quotations omitted)).
[10] *See* Doc. 43 at 17–18 (Report and Recommendation). The Court adopted Magistrate Judge Wilkinson's recommendations. *See* Doc. 57.
[11] *See* Doc. 129-1 at 1–3.
[12] *See id.* at 3.

entered.[13] More importantly, the Court is unaware of any legal authority for Plaintiff's argument that prosecutors in one state have a *Brady* duty to disclose exculpatory evidence in a criminal trial in a different state conducted by different prosecutors.[14]

## CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Plaintiff's Motion captioned "Request for Leave to File Amended Motion for Reconsideration to Re-Join the Dismissed Defendants, Named in This Motion" (Doc. 129) is **DENIED**.

New Orleans, Louisiana this 25th day of March, 2022

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

---

[13] *See* Doc. 43 at 20; Doc. 57.

[14] Plaintiff does not allege that the Louisiana prosecutors were acting on behalf of the Colorado prosecution, but even then, the duty would be on the latter. *See, e.g.*, Kyles v. Whitley, 514 U.S. 419, 437 (1995) ("This in turn means that the individual prosecutor has a duty to learn of any favorable evidence known to the others acting on the government's behalf in the case, including the police."); Strickler v. Greene, 527 U.S. 263, 281 (1999) (citing *Kyles*, 514 U.S. at 437); United States v. Manners, 384 Fed. Appx. 302, 307–08 (5th Cir. 2010) ("It is well-settled that the government may be charged with the knowledge of its investigating agents."); Floyd v. Vannoy, 894 F.3d 143, 161–62 (5th Cir. 2018); United States v. George, No. 17-201, 2020 WL 6392580, at *9 (E.D. La. Nov. 2, 2020).