UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**TIMOTHY M. GEMELLI**                                                           CIVIL ACTION

**VERSUS**                                                                              NO. 19-13424

**STATE OF LOUISIANA, ET AL.**                                         SECTION "H"(2)

## REPORT AND RECOMMENDATION

Before the Court is Plaintiff Timothy M. Gemelli's Motion for Relief from Final Judgment Pursuant to Fed. R. Civ. P. 60(b)(6), as supplemented by his Supplemental Rule 60(b)(6) Motion, and his Second Addendum, which have been referred to the undersigned Magistrate Judge for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).[1] Defendant Michelle Canepa filed a response to the motion, and Gemelli filed a reply.[2]

**I.     Background**

In October 2019, Gemelli filed this *pro se* and *in forma pauperis* federal civil action pursuant to 42 U.S.C. § 1983, against the State of Louisiana, St. Bernard Parish, Judge Jeanne Juneau, District Attorney Perry Nicosia, Assistant District Attorney Mikey Morales, Assistant District Attorney Charles Ward, the St. Bernard Parish Sheriff's Office, Sheriff James Pohlmann, Deputy Michelle Canepa, Clerk of Court Randy Nunez, Melissa Evans, and Brooke Kerrigan. This case arose out of Gemelli's arrest on January 11, 2017, for aggravated incest of D.G., his daughter, when she was between the ages of four and eight and during which the Gemelli family lived in both St. Bernard Parish and Colorado. Gemelli was tried in St. Bernard Parish in January 2019 and

---

[1] Rec. Docs. 210, 211, 216, 217.
[2] Rec. Docs. 215 and 221.

acquitted of all charges.[3] After his acquittal in St. Bernard Parish, Gemelli was extradited to Boulder County, Colorado, tried for aggravated incest of his daughter, and ultimately convicted of those charges by a Colorado jury on December 17, 2019.[4]

Gemelli generally alleged that defendants wrongfully arrested and incarcerated him, and violated his federal and state constitutional rights during his St. Bernard Parish criminal proceedings and his incarceration in the St. Bernard Parish Jail.[5] He further alleged that defendants slandered and made false accusations against him, resulting in loss of his businesses, property, and reputation.[6] At a hearing held pursuant to Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985), Gemelli testified that Nicosia, Ward and Morales did not turn over exculpatory cell phone and text message evidence to his defense attorney in violation of Brady v. Maryland, 373 U.S. 83 (1963).[7] He also raised a Fifth Amendment double jeopardy claim based on his Colorado aggravated incest conviction, which he claimed was based on the same incidents and charges on which he was previously acquitted in St. Bernard Parish.[8] Specifically with regard to Deputy Canepa, Gemelli alleged that he was unconstitutionally "seized" under the Fourth Amendment based on Deputy Canepa's arrest warrant affidavit of probable cause that included material omissions of fact, which resulted in his arrest and incarceration in the St. Bernard Parish Jail for two years.[9]

---

[3] Rec. Doc. 43 at 3.
[4] Rec. Doc. 43 at 3–4.  Gemelli's conviction was affirmed on appeal. People v. Gemelli, 545 P.3d 518 (Colo. App. 2023), cert. denied, No. 24SC173, 2024 WL 4595465 (Colo. Oct. 21, 2024).
[5] Rec. Doc. 6 at 8–12.
[6] Id. at 9.
[7] See Rec. Doc. 43 at 7–8.
[8] Rec. Doc. 7 at 1.
[9] Rec. Doc. 43 at 41–42.

Gemelli voluntarily dismissed all claims against defendants Evans and Kerrigan.[10] The District Court dismissed nine other defendants and various claims with prejudice except for Gemelli's Fourth Amendment illegal seizure claim against Deputy Canepa.[11] In doing so, the District Court found that Gemelli's double jeopardy claim necessarily implies the invalidity of his Colorado conviction, which had not been set aside, under Heck v. Humphrey, 512 U.S. 477 (1994).[12] The District Court also found that Gemelli was not prejudiced by the prosecutors' failure to disclose exculpatory cell phone and text message evidence as Gemelli admitted that the timing and contents of the subject text messages were brought to the attention of the jury in the St. Bernard Parish trial, and he was ultimately acquitted of the charges in St. Bernard Parish.[13] Gemelli, therefore, failed to state a claim under Brady.[14]

Gemelli's motion to file a second amended complaint seeking to add new claims against nineteen new defendants was denied.[15] To the extent that Gemelli alleged claims arising from the criminal investigation, incarceration and criminal court proceedings in Boulder County, Colorado, the Court found that it lacked personal jurisdiction over the out-of-state defendants based on their lack of sufficient minimum contacts with the forum state of Louisiana.[16]

On April 28, 2022, the District Court appointed Gemelli counsel to represent him as to his remaining claim against Canepa.[17] On June 26, 2023, the District Court denied Gemelli's motion

---

[10] Rec. Docs. 26 and 27.
[11] Rec. Docs. 27, 56, 57; Rec. Doc. 43 at 41–42.
[12] Rec. Doc. 57; Rec. Doc. 43 at 40–41.
[13] Id.; Rec. Doc. 43 at 17–18.
[14] Id.; Rec. Doc. 43 at 18.
[15] Rec. Docs. 53 an 58.
[16] Rec. Doc. 58 at 10–11.
[17] Rec. Doc. 139.

for summary judgment and granted defendant Canepa's motion for summary judgment.[18] The District Judge found that D.G.'s report alone that Gemelli molested her when she was a child between the ages of four and eight was sufficient to constitute probable cause to issue a warrant for Canepa to arrest Gemelli for aggravated incest.[19] The District Judge further found that any alleged omissions or material misstatements in Canepa's affidavit did not vitiate probable cause.[20] The District Judge also found that Defendant Canepa was entitled to qualified immunity and that Gemelli failed to state a claim against Canepa under state law.[21] Judgment was issued accordingly on June 27, 2023.[22]

Gemelli, through counsel, filed a motion to amend or alter judgment pursuant to Fed. R. Civ. P. 59(e).[23] The District Judge denied relief, finding no manifest error or law or fact.[24]

On appeal, the Fifth Circuit Court of Appeals, in affirming the dismissal of the case and the denial of the Rule 59(e) motion, found as follows:

> Timothy M. Gemelli appeals from the district court's dismissal of his 42 U.S.C. § 1983 civil rights action and denial of his Federal Rule of Civil Procedure 59(e) motion to alter or amend. Gemelli contends that the district court erred in dismissing his claim that Louisiana state prosecutors failed to disclose exculpatory evidence in violation of *Brady v. Maryland*, 373 U.S. 83 (1963), and in granting summary judgment in favor of Officer Michelle Canepa and dismissing his claim that the affidavit in support of the warrant for his arrest omitted material information and included misrepresentations. Gemelli does not challenge the district court's dismissal of any other defendant or claim or the denial of his motion to alter or amend; accordingly, he has waived these issues. *See Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993). To the extent that he raises additional arguments in his reply brief, we generally do not consider arguments raised for the first time in a reply brief. *See Cinel v. Connick*, 15 F.3d 1338, 1345 (5th Cir. 1994).

---

[18] Rec. Doc. 188.
[19] Id. at 7–11.
[20] Id. at 7–13.
[21] Id. at 11–13.
[22] Rec. Doc. 189.
[23] Rec. Doc. 190.
[24] Rec. Doc. 193.

As to the *Brady* claim, dismissals under 28 U.S.C. § 1915(e)(2) for failure to state a claim are reviewed in the same way as dismissals under Federal Rule of Civil Procedure 12(b)(6). *Legate v. Livingston*, 822 F.3d 207, 209-10 (5th Cir. 2016). Dismissal is appropriate where a complaint does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Gemelli argues that the district court erred in dismissing his claim that prosecutors failed to turn over cellphones and text messages containing exculpatory evidence demonstrating that the victim was retaliating against him because he had told the victim that he would no longer support her financially. Under *Brady*, a defendant's due process rights are violated if the prosecution "withholds evidence that is favorable to the accused and material to the defendant's guilt or punishment." *United States v. Swenson*, 894 F.3d 677, 683 (5th Cir. 2018). "Evidence is not suppressed if the defendant knows or should know of the essential facts that would enable him to take advantage of it." *United States v. Runyan*, 290 F.3d 223, 246 (5th Cir. 2002).

Here, the cellphones and text messages containing evidence of the victim's retaliatory motive were not suppressed because the allegedly favorable evidence was brought to the jury's attention through the victim's testimony that she filed criminal charges against Gemelli only nine days after receiving a message from Gemelli stating that he would no longer support her financially. *See id.* Moreover, as any evidence on the cellphones and in the text messages would be cumulative to the victim's testimony, this evidence was not material. *See United States v. Brumfield*, 89 F.4th 506, 514-15 (5th Cir. 2023), *petition for cert. filed* (U.S. June 18, 2024) (No. 23-7746). The district court did not err in dismissing this claim. *See Iqbal*, 556 U.S. at 678.

Gemelli also argues that the district court erred in granting summary judgment in favor of Officer Canepa and dismissing his Fourth Amendment claim as the affidavit filed in support of the arrest warrant contained material omissions and misrepresentations. We review the grant of a motion for summary judgment de novo. *Kohler v. Englade*, 470 F.3d 1104, 1108 (5th Cir. 2006). Summary judgment is appropriate when the pleadings and evidence show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

Pursuant to *Franks v. Delaware*, 438 U.S. 154 (1978), notwithstanding the approval of a warrant application by an independent magistrate, a defendant's Fourth Amendment rights are violated if (1) an affiant intentionally, or with reckless disregard for the truth, includes a false statement or omits a material fact and (2)

the alleged errors or omissions are necessary to the finding of probable cause. *Reitz v. Woods*, 85 F.4th 780, 793-94 (5th Cir. 2023). To determine whether false statements or omitted facts are material to the determination of probable cause, "courts are to consider the faulty affidavit as if those errors and omissions were removed, meaning we must examine the corrected affidavit and determine whether probable cause for the issuance of the warrant survives the deleted false statements and material omissions." *Id.* at 794.

Even assuming that Gemelli's allegations regarding material omissions in the affidavit are true, the reconstructed affidavit still contains sufficient facts to lead a prudent person to believe that a crime had been committed. *See id.* Under Louisiana law at the time, aggravated incest was defined as engaging in, among other things, sexual intercourse, sexual battery, or any other involvement of a child in sexual activity constituting a crime with a person who is under eighteen years of age and who is related to the offender. La. Stat. Ann. § 14:78.1. Sexual battery criminalizes "the intentional touching of the anus or genitals of the victim by the offender." La. Stat. Ann. § 14:43.1.

Here, the reconstructed affidavit still contained allegations that the victim told Officer Canepa that "her biological father had inappropriately touched her between the ages of four and eight." "A victim's accusation identifying an individual as the perpetrator is generally sufficient to establish probable cause." *Johnson v. Bryant*, No. 94-10661, 1995 WL 29317, 3 (5th Cir. Jan. 17, 1995) (unpublished). Reliance on a purported victim is justified unless there is an "apparent reason" to disbelieve the victim's account. *See Roy v. City of Monroe*, 950 F.3d 245, 256 (5th Cir. 2020). While Gemelli claims that the victim's retaliatory motive was a reason for Officer Canepa to disbelieve her account, there is nothing in the record suggesting that Officer Canepa was aware that the victim filed a police report shortly after Gemelli told the victim that he would no longer support her financially.[25]

The United States Supreme Court denied Gemelli's petition for writ of certiorari on March, 24, 2025.[26] Gemelli's petition was rehearing was denied on June 6, 2025.[27]

Gemelli next filed his *pro se* motion for relief from judgment pursuant to Rule 60(b)(6), as supplemented. As he has previously, Gemelli claims that his Colorado conviction violates double jeopardy, and argues that his double jeopardy claim does not necessarily imply the invalidity of

---

[25] Gemelli v. Nicosia, No. 23-30661, 2024 WL 3617304, at *12 (5th Cir. Aug. 1, 2024) (footnote omitted).
[26] Gemelli v. Nicosia, 145 S. Ct. 1446 (2025).
[27] Gemelli v. Nicosia, 145 S. Ct. 2788 (2025).

6

his Colorado conviction under <u>Heck</u>.[28] Gemelli re-urges his claim that prosecutors failed to comply with state court orders requiring forensic extraction of two cell phones in violation of <u>Brady</u>.[29] Gemelli claims that the Fifth Circuit erred in its finding that the cell phone evidence was not material.[30] He further asserts that the victim's mother's "affidavit" was ignored.[31] Finally, Gemelli faults his court-appointed counsel for failing to investigate and raise the <u>Brady</u> issue, include the mother's testimony in the summary judgment briefing, and properly rebut "mischaracterizations in the record."[32]

Defendant Canepa responds that Gemelli has not demonstrated manifest error of law or fact.[33] She argues that Gemelli's motion, as supplemented, raises no new issues that have not already been fully litigated.[34] With regard to Gemelli's claim that Canepa disobeyed orders of the St. Bernard Parish criminal court requiring forensic examination and disclosure of Gemelli's seized cell phone evidence, Canepa asserts that the issue was fully litigated and that she was not present at Gemelli's arrest in St. Tammany Parish, did not seize any items from Gemelli, and, therefore, she cannot return evidence that was never in her possession.[35] Canepa states that all evidence that she seized was returned to Gemelli's criminal defense attorney on February 5, 2019.

---

[28] Rec. Doc. 210 at 3–5, 7.
[29] <u>Id.</u> at 6–8; Rec. Doc. 211. Gemelli claims that on October 8, 2025, the 34th Judicial District Court of St. Bernard Parish granted his petition for return of the cellphones. Rec. Doc. 216 at 2. He further claims that an employee at the St. Bernard Parish Sheriff's Office thereafter informed him that it never was in possession of the property. <u>Id.</u>
[30] <u>Id.</u> at 6–7.
[31] <u>Id.</u> at 7. Kimberly Gemelli did not submit an affidavit. Rather, it appears that Mr. Gemelli refers to Canepa's January 10, 2017 interview of Kimberly Gemelli. Rec. Doc. 177-6 at 435–71; Rec. Doc. 181-6 at 435–71.
[32] <u>Id.</u> at 7–8; Rec. Doc. 211 at 2; Rec. Doc. 216 at 2–3.
[33] Rec. Doc. 215.
[34] Rec. Doc. 215-1.
[35] <u>Id.</u> at 2–3.

In his reply, Gemelli asserts that he is currently litigating the return of his cellular phones in state court.[36] He claims that Canepa coordinated the investigation and search, and, thus, caused the phones to be seized and was obligated to comply with state court orders, locate the phones, and perform the extraction.[37] He argues that District Court and Fifth Circuit's findings regarding his Brady claim are erroneous.[38] He further argues that the Court, in granting Canepa's motion for summary judgment, misunderstood D.G.'s timeline and credited Canepa's tainted affidavit.[39]

**II.    Discussion**

Rule 60(b) provides that a court may relieve a party from a final judgment or order for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered earlier; (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or it is based on an earlier judgment that has been reversed or vacated, or that applying the judgment prospectively is no longer equitable; or (6) any other reason that justifies relief. Fed. R. Civ. Proc. 60(b)(1)–(6). Relief under Rule 60(b) is "uncommon" and "will be afforded only in 'unique circumstances.' " Lowry Dev., LLC v. Groves & Assocs. Ins., Inc., 690 F.3d 382, 385 (5th Cir. 2012); Pryor v. U.S. Postal Serv., 769 F.2d 281, 287 (5th Cir. 1985) (quoting Wilson v. Atwood Group, 725 F.2d 255, 257, 258 (5th Cir. 1984)).

Here, Gemelli brings his motion under the "catch-all" clause of Rule 60(b)(6). Relief under this provision is available "only if extraordinary circumstances are present." Hess v. Cockrell, 281 F.3d 212, 216 (5th Cir. 2002) (citation omitted). Disagreement with the court's ruling is not a basis

---

[36] Rec. Doc. 221 at 2–3.
[37] Id. at 4.
[38] Id. at 3–4.
[39] Id. at 9–10.

for relief under Rule 60(b), and a Rule 60(b) motion is not an opportunity to relitigate a decision simply because the plaintiff is unhappy with the result. See, e.g., Carter v. Dolce, 741 F.2d 758, 760 (5th Cir. 1984); Fackelman v. Bell, 564 F.2d 734, 735 (5th Cir. 1977). For the following reasons, the grounds advanced by Gemelli do not entitle him to relief.

First, a Rule 60(b) motion cannot be used to vacate a judgment which was been affirmed following an appeal. Doyle v. Slidell Police Dept., No. 96-3361, 2000 WL 174886, at *2 (E.D. La. Feb. 11, 2000); Reilly v. Herrera, 729 F. App'x 760, 764 (11th Cir. 2018) (Rule 60(b) does not grant a district court authority to alter, amend, or grant relief from an appellate court's rulings). Thus, to the extent that Gemelli disagrees with the Fifth Circuit's findings related to his Brady claim and his claim related to Canepa's affidavit in support of the arrest warrant, he is not entitled to relief.

Next, Gemelli simply rehashes his prior arguments and assertions that his Colorado conviction violates double jeopardy, which the District Court found to be barred under Heck. He contends that the claim does not clearly implicate the validity of his Colorado conviction. As explained above, however, the mere disagreement with the Court's ruling is not a basis for relief under Rule 60(b). Carter, 741 F.2d at 760. Nor may Rule 60(b) be used as a substitute for appeal once the time for such has passed. Chick Kam Choo v. Exxon Corp., 699 F.2d 693, 695 (5th Cir. 1983). Gemelli's claim that his Colorado conviction violates double jeopardy clearly implicates the validity of that conviction. To the event that Gemelli also claims that the withholding of Brady evidence led to his Colorado conviction, that claim also necessarily implies the invalidity of his conviction. Bwondara v. Tarrant Cty., TX, No. 4:25-cv-00813-O-BP, 2025 WL 3144983, at *6 (N.D. Tex. Oct. 17, 2025), adopted, 2025 WL 3143270 (N.D. Tex. Nov. 10, 2025); Knod v. City

9

of Irving, Tex., No. 3:13–CV–1747–L, 2013 WL 6869634, at *4 n.4 (N.D. Tex. Dec. 31, 2013) ([Plaintiff's] claims against the prosecutor would necessarily imply the invalidity of this conviction. Plaintiff may, however, challenge his conviction in habeas proceedings based on his assertion that exculpatory evidence was not provided to him in violation of Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963)); Camp v. Dobbs, 2:11–CV–0140, 2012 WL 75669, at *1 (N.D. Tex. Jan. 10, 2012). To date, Gemelli has not shown that the Heck conditions have been met. He not entitled to relief as to this claim.

Gemelli further contends that Kimberly Gemelli's "exculpatory" statement to Canepa was ignored by both court-appointed counsel and the District Court. Kimberly Gemelli was interviewed by Canepa on January 10, 2017.[40] At that time, Ms. Gemelli stated that her daughter told her "as long as she can remember [Mr. Gemelli] slept with his hand down [the victim's] pants."[41] Ms. Gemelli admitted that there were times when the victim would sleep in the same bed as Mr. and Ms. Gemelli, until she was about "threeish."[42] She explained that sometimes she would prop up the victim due to her acid reflux.[43] Ms. Gemelli stated that she "didn't really notice anything then. Um, when we moved to Colorado, [she] did notice, um, he had her in the shower with him a few times."[44]

Gemelli's contention that his counsel failed to include Kimberly Gemelli's statement to Canepa in the summary judgment briefing is clearly false. Gemelli's counsel cited to the statement in both the motion for summary judgment as well as the response to Canepa's motion for summary

---

[40] Rec. Doc. 177-6 at 435–71; Rec. Doc. 181-6 at 435–71.
[41] Id. at 439; Rec. Doc. 181-6 at 439.
[42] Id. at 451, 453; Rec. Doc. 181-6 at 451, 453.
[43] Id. at 451; Rec. Doc. 181-6 at 451.
[44] Id. at 453, 455; Rec. Doc. 181-6 at 453, 455.

judgment and also included copies of the full transcript of the statement.[45] Further, the District Court specifically recognized Gemelli's claim that Canepa omitted from her affidavit that the victim's mother stated that the victim would be propped up in a sitting position when she slept in her parents' bed due to her acid reflux.[46] The District Court found that it "fail[ed] to understand how this would diminish probable cause, still, it must be noted that her mother stated that D.G. slept on her chest until she was 'threeish or so.' D.G. stated that the molestation occurred when she was approximately four, so this does not contradict any information included in the affidavit and thus, does not constitute a material omission."[47] Again, Gemelli's mere disagreement with the Court's finding is not a sufficient basis to warrant relief pursuant to Rule 60(b). Carter, 741 F.2d at 760.

Finally, Gemelli claims that his court-appointed counsel did not effectively represent him in this case. As indicated, the District Court appointed counsel to represent Gemelli as to the claim against Canepa.[48] That appointment specifically did not include "any of the dismissed claims in this case or any appeal or petition of certiorari to the U.S. Supreme Court nor does it include any appeal or petition of certiorari to the U.S. Supreme Court with regard to the § 1983 claims against Deputy Michelle Canepa…."[49] Gemelli's Brady claim had previously been dismissed,[50] and, thus, his counsel could not raise it in the summary judgment briefs. Although Gemelli feels that his appointed counsel should have taken different action on some issues, the record reflects that counsel diligently represented Gemelli from the time of the appointment through the denial of the

---

[45] Rec. Doc. 177-1 at 2–11; Rec. Doc. 177-6 at 435–71; Rec. Doc. 181 at 9–10; Rec. Doc. 181-6 at 435–717.
[46] Rec. Doc. 188 at 7–9.
[47] Id. at 9 (footnote omitted).
[48] Rec. Doc. 139 at 1.
[49] Id.
[50] Rec. Doc. 57; Rec. Doc. 43 at 17–18.

motion to reconsider filed pursuant to Fed. R. Civ. P. 59. The mere fact that counsel was not successful does not provide a basis for the Court to provide the relief Gemelli seeks.

For these reasons, Gemelli has failed to identify any extraordinary circumstances justifying relief pursuant to Rule 60(b)(6), and his motion, as supplemented, should be denied.

## RECOMMENDATION

**IT IS RECOMMENDED** that Gemelli's Motion for Relief from Final Judgment Pursuant to Fed. R. Civ. P. 60(b)(6), Rec. Doc. 210, as supplemented by his Supplemental Rule 60(b)(6) Motion, Rec. Doc. 211, and his Second Addendum, Rec. Doc. 216, be **DENIED**.

**IT IS FURTHER RECOMMENDED** that, in accordance with the Civil Statistical Guide, the Clerk shall *nunc pro tunc* **OPEN** this case for statistical credit for the Court's consideration of the motion filed August 19, 2025, and **CLOSE** the case upon resolution of the motion.

New Orleans, Louisiana, this 15th day of December, 2025.

_____
**JANIS VAN MEERVELD**
**UNITED STATES MAGISTRATE JUDGE**